UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-620-RJC

| | |
|---|---|
| THERON PRESTON WASHINGTON, ) ) Plaintiff, ) ) v. ) ) BUTNER FEDERAL CORRECTIONAL ) INSTITUTION, ) ) Defendants. ) ) | ORDER |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed December 5, 2011 pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. No. 1). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and to identify cognizable claims or dismiss the complaint, or parts thereof.

Plaintiff is incarcerated at Butner Federal Correctional Institution ("Butner"). He alleges that the water at Butner is contaminated with "waste," which has given him Hepatitis. (Doc. No. 1 at 3). He also alleges that he has been denied medical services and has been losing weight because of the Hepatitis. (Id.).

In Bivens, the Supreme Court recognized Federal courts' authority under 28 U.S.C. § 1331 to award damages for infringement by federal officials of constitutionally protected interests. 403 U.S. at 397. The United States and its agencies, however, enjoy sovereign immunity from all lawsuits, absent an express waiver of immunity. See, e.g., FDIC v. Meyer,

510 U.S. 471, 475 (1994); Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005). "While Bivens actions allow for recovery of monetary damages against federal officials who violate the United States Constitution in their individual capacities, Bivens does not allow for recovery of money damages, or suits in general, against the government itself." Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999) (citation omitted); see also Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71 (2001) ("core premise" of Bivens is the "deterrence of individual officers"). The Federal Bureau of Prisons is an arm of the United States. Therefore, neither it, nor it's individual correctional facilities, is subject to a Bivens action for damages. See Holly v. Scott, 434 F.3d 287, 296 (4th Cir. 2006) ("Indeed, it is precisely because an inmate in a federally run facility has a cause of action against the government itself under the FTCA that he lacks the types of state law claims against individual defendants that are available to [plaintiff]."); see also 28 U.S.C. § 1346(b)(1) (2000) (creating a cause of action against the United States for the negligence of its employees).

Plaintiff has also failed to allege a violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b). Pursuant to the provisions of 28 U.S.C. § 2675(a), "An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]" See Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Plaintiff has not alleged that he presented his claim first to the appropriate Federal agency.

It also appears that Plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (1996), requires that inmates exhaust

2

Case 3:11-cv-00620-RJC   Document 3   Filed 12/20/11   Page 2 of 5

available administrative remedies prior to filing civil actions.[1] Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); Porter v. Nussle, 534 U.S. 516 (2002) (holding that the PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong); Booth v. Churner, 532 U.S. 731 (2001) (holding that under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into

---

[1] 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted."

whether the inmate exhausted all administrative remedies.

"To be entitled to bring suit in federal court, a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been given an opportunity to address the claims administratively.  Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond." Green v. Rubenstein, 644 F. Supp. 2d at 742 (citations and quotations omitted).

Plaintiff asserts that he exhausted his administrative remedies but fails to attach copies of his grievance(s) demonstrating such completion. See (Doc. No. 1 at 2).  Plaintiff alleges that his submission of medical request slips to the doctor qualifies as exhaustion of his administrative remedies but Plaintiff is mistaken.  The only administrative step that Plaintiff alleges to have taken is the submission of medical request slips to the doctor. (Id. at 1).  This does not qualify as a step to "present the facts relating to your complaint to the state inmate grievance procedure." (Id.).  For all of these reasons, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

Plaintiff is advised that if he wishes to file a complaint against the appropriate persons regarding conditions at Butner, he must do so in the United States District Court for the Middle District of North Carolina, where venue is proper. See 28 U.S.C. § 1391(b) & (e).  Plaintiff is reminded, however, that he should include proof that he has exhausted his administrative remedies and that he is prohibited from filing an in forma pauperis complaint unless he can meet the requirements of 28 U.S.C. § 1915(g).[2]

---

[2]At least five of Plaintiff's previously filed civil rights complaints were dismissed as frivolous or for failure to state a claim upon which relief may be granted.  See Washington v. United States, Case No. 0:11-cv-274 (D. Minn. March 24, 2011) (dismissed for failure to state a claim); Washington v. Nation of Islam, et al., Case No. 1:11-cv-5954 (N.D. Ill. Sept. 2, 2011)

4

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

2. Plaintiff's application for leave to proceed in forma pauperis, (Doc. No. 1-1), is **DENIED** pursuant to 28 U.S.C. § 1915(g).

Signed: December 20, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

(dismissed as frivolous); Washington v. United States, et al., Case No. 1:10-cv-08216 (N.D. Ill. Jan. 24, 2011) (dismissed as frivolous); Washington, v. Plaxico, et al., Case No. 3:09-cv-50255 (N.D. Ill. Dec. 28, 2009) (dismissed for failure to state a claim); Washington v. Hinton, Case No. 3:09-cv-50221 (N.D. Ill. Oct. 8, 2009) (dismissed for failure to state a claim).